NOTE: This disposition is nonprecedential

# United States Court of Appeals
# for the Federal Circuit

---

**MARY L. DUNCAN,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2011-5095

---

Appeal from the United States Court of Federal Claims in case no. 10-CV-320, Judge Margaret M. Sweeney.

---

Decided: November 9, 2011

---

MARY L. DUNCAN, of Upper Marlboro, Maryland, pro se.

JOHN E. ARBAB, Attorney, Appellate Section, Environment & Natural Resources Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief was IGNACIA S. MORENO, Assistant Attorney General.

---

Before LINN, DYK, and REYNA, *Circuit Judges.*

PER CURIAM

Mary L. Duncan ("Duncan") appeals a decision of the Court of Federal Claims dismissing her complaint for lack of jurisdiction. Because her claim stemming from transactions in 1975 and 1985 is precluded under 28 U.S.C. § 2501, this court affirms.

## BACKGROUND

Duncan owns a deed covering a "1/2 Acre part of Independence situate in Seat Pleasant Election District" in Prince George's County, Maryland. The existence and precise location of the land is, however, unclear. On June 30, 1975, and September 11, 1985, the Secretary of the United States Department of Housing and Urban Development ("HUD") conveyed parcels of land in Prince George's County that once housed the apartment project "Baber Village." The grantees of these parcels promptly and properly recorded the deeds. Duncan alleges that Baber Village encroached on her one-half acre parcel.

The record describes the history of Duncan's deed and her unsuccessful attempts—since at least 1979—to discern the location of her property. By 1999 Duncan claimed to have documentation that the Baber Village property encroached on her one-half acre parcel and she contacted HUD through her U.S. Senator Paul S. Sarbanes. Pl.'s Resp. to Def.'s Mot. to Dismiss Ex. 12, at 2, Sept. 29, 2010, ECF No. 13. On November 23, 1999, HUD informed Senator Sarbanes that it was not aware of any defects in the title of the Baber Village land it had sold. *Id.* On October 4, 2000, a local newspaper publicized Duncan's allegation that HUD had conveyed her property, and on October 20, 2000, Duncan filed a lawsuit in federal court to compel the Secretary of HUD and several state defendants to investigate her claims. The district court treated her suit as a petition for a writ of mandamus,

found that Duncan had not met the high burden for a writ, and dismissed her case.

On May 12, 2010, Duncan sued the United States in the Court of Federal Claims, alleging that HUD's sale constituted a taking without just compensation. On April 12, 2011, the Court of Federal Claims held that it lacked jurisdiction to hear Duncan's case under 28 U.S.C. § 2501. Duncan timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1293(a)(3).

## ANALYSIS

The Fifth Amendment of the Constitution prohibits the government from taking private property without just compensation. U.S. Const. Am. V. Congress granted power to the Court of Federal Claims to render judgments against the United States in claims of unlawful government takings. 28 U.S.C. § 1491. But Congress expressly placed a time limit on the court's ability to hear these cases: "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. "The 6-year statute of limitations on actions against the United States is a jurisdictional requirement attached by Congress as a condition of the government's waiver of sovereign immunity and, as such, must be strictly construed." *Hopland Band of Pomo Indians v. United States*, 855 F.2d 1573, 1576-77 (Fed. Cir. 1988). This time-period starts accruing when the government's conduct "entitle[s] the claimant to institute an action." *Brown Park Estates-Fairfield Dev. Co. v. United States*, 127 F.3d 1449, 1455 (Fed. Cir. 1997). "We review the Court of Federal Claims' decision to dismiss a complaint for lack of subject matter jurisdiction *de novo*." *Brown v. United States*, 86 F.3d 1554, 1559 (Fed. Cir. 1996).

Here, the record suggests that the Secretary of HUD sold Duncan's land in 1975 or 1985. Thus, any government action supporting Duncan's claim occurred, at the latest, on September 11, 1985. To successfully sue the United States, Duncan should have filed her complaint in the Court of Federal Claims by September 11, 1991. Instead, she filed her complaint on May 12, 2010—nearly two decades after the statutory period had run.

Duncan claims that the government delayed her suit and cites *United States v. Chatham* to support her argument that the accrual period should have been tolled. 323 F.2d 95 (4th Cir. 1963). In *Chatham*, the government gave grossly insufficient notice before it condemned a parcel of land. The court held that any right to compensation "should not be held to have accrued until the parties in interest were made aware of it, or aware that the United States claimed exclusive possessory rights in the land." *Id.* at 100. *Chatham* thus provides a narrow exception for tolling of the accrual period when the government conceals its conduct and prevents a landowner from knowing her rights.

Here, there is no evidence that HUD concealed its sale of the two pieces of Baber Village land. To the contrary, both conveyances were promptly and properly recorded in the land records of Prince George's County. Duncan's argument that the government is responsible for the delay seems to be based on the difficulty she had in ascertaining the exact location of her own property. This argument is unhelpful. Even if government action somehow prevented Duncan from realizing her claim in the 1980's, Duncan surely knew of her claim against the United States as early as 1999 when she sought Senator Sarbanes's assistance in contacting HUD about the Baber Village properties. Moreover, in 2000, a local newspaper published her allegations and shortly thereafter she sued to compel HUD to investigate her claim. Nothing prevented Duncan from filing suit against the United States

within six years of this time when she admittedly knew of the claim in 2000, yet she failed to file her complaint until ten years later.

Duncan waited more than six years after accrual of her claim to sue the United States, and she has not alleged or shown that the government concealed the land sale or delayed her suit to beyond the six-year window. Her reliance on *Chatham* is misplaced and her case falls squarely under 28 U.S.C. § 2501.

For the foregoing reasons, the decision of the Court of Federal Claims is affirmed.

## AFFIRMED

### COSTS

Each party shall bear its own costs.